IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAWN DELLSPERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-00634-N |
| | ) | |
| HPA SUBWAY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This action is before the Court on the Defendants' Motion for Summary Judgment (doc. 18), Plaintiff' Opposition (doc. 21), as supplemented (doc. 24), Defendants' Reply (doc. 23). Pursuant to the consent of the parties (doc. 8), this action was referred to the undersigned Magistrate Judge (doc. 9) to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c). Upon consideration, the defendant's motion for summary judgment is **DENIED**.

I.   Findings of Fact.[1]

On November 10, 2011 Dawn Dellsperger ("Dellsperger") initiated this litigation against HPA Subway, Inc. ("HPA"), for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as well as state law claims for invasion of privacy, negligent/wanton retention, negligent/wanton supervision and training, and

---

[1] At the summary judgment stage, the facts are taken in the light most favorable to the non-movant - here, the Plaintiff. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

outrage (doc. 1), stemming from her employment from March 16, 2009 to June 11, 2009 as a sandwich artist at HPA in Monroeville, Alabama[2]. On April 26, 2012, Dellsperger filed an Amended Complaint in which she added Pujay Di Di, Inc. ("Di Di")[3] as a party defendant (doc. 15). Dellsperger asserts that she was sexually harassed by her supervisor, Irvan Eunice Patel ("I. Patel").[4] (Doc. 15 at 8). On March 29, 2009, plaintiff reported the harassment to Hipurnia Patidar. (*Id*. at ¶ 13)[5]. "[O]n the day she complained to Sudhir "Sonny" Patidar,"[6] Dellsperger claims that she was "transferred to a different store location [and her] hours were reduced from 20 a week to less than 2-4 hours per week." (Doc. 15 at ¶ 17). On June 11, 2009, Dellsperger contends that she was "constructively discharged." (Doc. 15 at ¶ 18).

---

[2] HPA Subway Inc. owns and operates the Subway Restaurant located inside the Wal-Mart at 3371 S. Alabama Avenue in Monroeville, Alabama. (Doc. 18-1 at ¶ 2; Doc. 21 at 1).

[3] Pujay Di Di, Inc. owns and operates the Subway Restaurant located at 1844 Hwy 21 Bypass in Monroeville, Alabama. (Doc. 18-1 at ¶ 3; Doc. 21 at 1). Dellsperger disputes that she began her employment at HPA and only later transferred to Di Di. (*Cf*. Doc. 18-1 at ¶¶ 5-7 and Doc. 21 at ¶ 7). Dellsperger maintains that she worked both locations at all material times. (Doc. 21 at ¶ 7).

[4] Irvan Eunice Patel has also been identified by the plaintiff as Arvindbhai or Avind Patel and as "Papa." (Doc. 21 at n. 2.). "The sexual harassment to which plaintiff was subjected, included but was not limited to, I. Patel touching her inappropriately and making sexually inappropriate comments." (Doc. 15 at ¶ 10).

[5] In her opposition brief, Dellsperger adds that she complained about the sexual harassment of I. Patel "to Nipurnis Patel, a supervisor, on March 21, 2009" and "to Suresh Patel (a/k/a Sonny)" on March 23, 2009. (Doc. 21 at ¶ 6).

[6] The Court assumes that Dellsperger is interchanging the names of Sudhir "Sonny" Patidar and Suresh "Sonny" Patel. Even if this assumption is incorrect, it does not alter the outcome at this juncture.

II.     Conclusions of Law.

   A.     Standard of Review.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010). Rule 56(c) provides as follows:

(1)  *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

   (B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2)  *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3)  *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

(4)  *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010). HPA and Di Di, as the parties seeking summary judgment bear the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it

believes demonstrate the absence of a genuine issue of material fact." <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991) (*quoting* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. <u>Celotex</u>, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Tipton v. Bergrohr GMBH-Siegen</u>, 965 F.2d 994, 998-999 (11th Cir. 1992), *cert. den.*, 507 U.S. 911 (1993) (internal citations and quotations omitted).

  B. <u>Title VII</u>.

HPA and Di Di move for summary judgment on the basis that they are not Title VII employers because they did not employ 15 or more employees for each working day in 20 or more calendar weeks in 2008 or 2009, pursuant to 42 U.S.C. § 2000e(b). In support, defendants HPA and Di Di submit the Affidavit of Suresh D. Patel stating that neither HPA nor Di Di employed 15 or more employees as required. (Doc. 18-2). Defendants also submit the quarterly wage reports that were submitted to the Alabama Department of Industrial Relations as further proof of their position. (Doc. 18-4).

Dellsperger challenges the Defendants' claim by disputing the integrity of the facts set forth in the Affidavit (doc. 21 at n. 4); by asserting that she worked at both locations from the outset of her employment (*id.* at p. 3, ¶ 2); by noting defendants' admission that employees were regularly shifted between the two locations (*id.* at p. 4, ¶

4

7); and by demonstrating the corporate role of Suresh "Sonny" Patel in both corporations (*id.* at pp. 3-4, ¶¶ 3-4). Dellsperger also argues that when considering whether HPA and Di Di employed the requisite number of employees, the Court should integrate the two (2) entities for purposes of determining Title VII liability.  (*Id.* at pp. 4-6, ¶¶ 8-10).

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's...sex." 42 U.S.C. § 2000e–2 (a)(1). "A hostile work environment claim under Title VII is established upon proof that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). "To prove a hostile work environment, the plaintiff must show [](1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable." Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808-809 (11th Cir. 2010). However, before a district court may entertain a Title VII claim, the plaintiff must demonstrate that the defendant meets the statutory definition of an "employer." Busby v. City of Orlando, 931 F.2d 764, 772

(11th Cir. 1991) (providing that "[t]he relief granted under Title VII is against the employer, not individual employees[]"). This is called the employee-numerosity requirement and it is an element of a plaintiff's claim for relief. Arbaugh v. Y&H Corp., 546 U.S. 500, 505 and 516 (2006).

Specifically, Title VII applies to any employer who "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). *See e.g.*, Arbaugh, 546 U.S. at 504-505; Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1244 (11th Cir. 1998). The Supreme Court has explained that the so-called "payroll method," in which an employee "is counted as an employee for each working day after arrival and before departure," should be used to assess the number of employees at a company at a given time. Walters v. Metro. Educ. Enter., Inc., 519 U.S. 202, 211 (1997).[7] The term "current calendar year" refers to the entire year in which the discrimination occurred. *Id*. at 206-207. In some instances, an employee may have joint employers – more than one employer at the same time – and the basis for finding a joint employer relationship is that "one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of the employment of the employees who are employed by the other employer." Virgo v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1360 (11th Cir. 1994). "As the EEOC's standard reflects, an employer is the person, or group of persons, who owns

---

[7] Per Walters, 519 U.S. at 211: "[u]nder the interpretation we adopt...all one needs to know about a given employee for a given year is whether the employee started or ended employment during that year and, if so, when. He is counted as an employee for each working day after arrival and before departure[]")).

6

and manages the enterprise." Clackamas Gastroenterology Associates, P.C. v. Wells, 538 U.S. 440, 450 (2003).

The Eleventh Circuit instructs that the "single employer" theory guides a determination of whether an entity is a Title VII employer. *See, e.g.*, Lyes v. City of Riviera Beach, 166 F.3d 1332, 1341 (11th Cir. 1999) (*citing* McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 933 (11th Cir. 1987)). Courts must look beyond the nominal independence of any entity and ask whether the entities should be treated as a single integrated enterprise based on the following: 1) interrelations of operations; 2) centralized control of labor relations; 3) common management; and 4) common ownership or financial control. Lyes, 166 F.3d at 1341. When dealing with private entities, not every factor need be present and no one factor is controlling. *Id*. at 1341 at note 5. Additionally, the Eleventh Circuit has focused on the role the company played in the allegedly discriminatory action. *See e.g.*, Llampallas, 163 F.3d at 1244-1245 (the joint employer theory "concentrate[s] on the degree of control an entity has over the adverse employment decision on which the Title VII suit is based[]" -- i.e., whether uninvolved bystander)). *See also* Clark v. St. Joseph/Candler Health Sys., 225 Fed. Appx. 799, 800 (11th Cir. 2007) (noting that the joint employer test is whether the non-direct employer retained sufficient control over the terms and conditions of the employee's employment such that it and the direct employer were joint employers of the employee). If there is a factual dispute regarding this "single employer" issue, it is a question of fact for the jury.

In this case, the alleged violations occurred in 2009 and Dellsperger asserts that the relevant calendar year for determining whether Defendants meet the definition of a

Title VII employer is 2009.  Defendants, relying on the State of Alabama Department of Industrial Relations Unemployment Tax Internet Wage Reports for Defendants HPA and Di Di, contend that they each had fewer than 15 employees during the relevant time period. (Docs. 18-2 at ¶ 3; 18-4, 18-6). The record reveals as follows for Defendant HPA for 2009: HPA employed 10 employees in April, 10 employees in May, 11 employees in June, 12 employees in July, 9 employees in August, and 10 employees in September. (Doc. 21 at 5).  Similarly, the record reveals that Di Di employed 10 employees in April, 10 employees in May, 8 employees in June, 8 employees in July, 8 employees in August, and 7 employees in September.  (Doc. 21 at 5)., (Id. at 3), 7 employees in October, and 5 employees in November and December (Id. at 5). Moreover, despite defendant's contention otherwise, the record supports a finding that if Di Di and HPA are considered an integrated employer, they would meet the definition of employer under Title VII.

As noted supra, the employer-numerosity requirement (contingent here on whether or not the Subway stores are a single enterprise) is an essential element of Dellsperger's Title VII claim. If satisfaction of an essential element of a claim is at issue, "the jury is the proper trier of contested facts." Arbaugh, 546 U.S. at 501-502 (*citing* Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150-151 (2000)). When the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact and the motion for summary judgment denied. Rollins v. TechSouth, Inc., 833 F.2d 1525, 1531 (11th Cir. 1987). The court finds that Dellsperger has presented sufficient evidence from which a jury could find that HPA and Di Di

8

constitute an integrated employer for purposes of Title VII.[8] As to the remaining elements of Dellsperger's Title VII claim, the record reveals that the parties also dispute, with supporting evidence, the facts surrounding the alleged sexual harassment, how and when Defendants responded, and moreover, who was notified of such.  Dellsperger has presented sufficient evidence from which a jury could find HPA liable for sexual harassment.  Accordingly, Defendants' motion (Doc. 18) as to Dellsperger's Title VII claim is **DENIED**.

        C.    State Law Claims.[9]

As to the state law claims Dellsperger has asserted against the Defendants – invasion of privacy, negligent/wanton retention, negligent/wanton supervision and training, and outrage – the facts upon which Dellsperger bases these claims (the alleged sexual harassment of Plaintiff by Patel) are disputed by the parties. The Court finds that genuine issues of material fact exist regarding these claims such that the Defendant's motion (Doc. 18) on same is **DENIED**.

    III.    Conclusion and Order.

For the reasons stated above, the undersigned concludes and it is, therefore, **ORDERED** that the Defendants' Motion for Summary Judgment (Doc. 18) is due to be

---

[8] *See e.g.*, Schirle v. Sokudo USA, L.L.C., 2012 WL 3100879, * 4 and n. 3 (5th Cir. July 31, 2012)("[S]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise (i.e., a single employer)" [and] "[i]n [Trevino v. Celanese Corp., 701 F.2d 397,404 (5th Cir. 1983)], we laid out four factors for "determining whether distinct entities constitute an integrated enterprise[:] ... (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.").

[9] Irvan Eunice Patel is not a named defendant and thus any state law claims asserted against him individually have been abandoned. As such, those allegations are **STRICKEN**  from the Amended Complaint (Doc. 15).

and is hereby **DENIED.**  The parties are reminded that the Final Pretrial Conference in this action is scheduled for 10:30 a.m. on January 18, 2013.  Jury selection is scheduled for February 5, 2013.

    **DONE** this  28th  day of December, 2012.

                                      /s/ Katherine P. Nelson
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**